# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | 3-15-12 |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1637 | **DATE** | |
| **CASE TITLE** | Marricco Sykes (#08155-062) v. Bauer, et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff's "request for injunction" [3] is construed as Plaintiff's motion for leave to file *in forma pauperis*; the motion is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.92 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the United States Penitentiary in Lewisburg, Pennsylvania. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]        Docketing to mail notices.

## STATEMENT

    Plaintiff, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, has brought this "tort claim."
    Plaintiff filed a "request for injunction" in which he seeks leave to proceed *in forma pauperis* and he alleges that he does not have the funds or ability to mail the correct forms and trust account statements. The motion includes a receipt from the prison showing Plaintiff's recent balance of $9.58. Plaintiff's request is construed as his motion for leave to proceed *in forma pauperis*. Having shown that he is indigent, he may proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.92. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.
    Plaintiff alleges on January 10, 2012, he sent the Defendants, two appellate justices on the Seventh Circuit Court of Appeals and the Clerk of Court for the Seventh Circuit Court of Appeals, a "motion" that included an "alert and agreement" that if they failed to pay him certain funds, then a "monetary penalty ($300 trillion) would occur on them." Plaintiff alleges that the Defendants have not paid him the funds and he seeks payment of the funds via this lawsuit. The docket for Plaintiff's "motion" filed in the Seventh Circuit Court Appeals, 11-3752, indicates that the

JJD

# STATEMENT

"motion" was denied on January 23, 2012. The docket in 11-3752 also reflects that Plaintiff's filing in the Seventh Circuit Court of Appeals is not an appeal of any decision by a District Court in the Seventh Circuit. Plaintiff's present "complaint" also states that this Court has 10 days to "issue your response on this matter" and that this Court's failure to do so will result in the United States owing Plaintiff $600 billion. Plaintiff references the Federal Tort Claims Act but it is unclear what claim he may be attempting to raise under that statute.

Plaintiff's allegations are factually and legally frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). *See also Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible."). Thus, Plaintiff has failed to state a claim upon which relief can granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief).

For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."